J. Bryan Quesenberry (Utah 9156)
903 East 430 South
Salem, UT 84653
801-473-9951
jbq.esq@gmail.com
*Counsel for Plaintiff/Relator*
Pro Hac Vice application pending

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel.</u> AIDAN FORSYTH,<br><br>Plaintiff,<br><br>vs.<br><br>MAC JOHNSON ROOFING INC., JOHNSON & SONS TREE SERVICE, LLC, MAC JOHNSON & SONS DUMPSTER, CRANE & DEMOLITION, LLC, and MAC C. JOHNSON, an individual,<br><br>Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil Action No. 1:22cv233 AW/ MAF |

Plaintiff-Relator Aidan Forsyth, acting on behalf of the United States of America (the

**"Government"** or the **"Federal Government"**) and against Defendants, alleges based upon

personal knowledge, relevant documents, information, and belief, as follows.

**INTRODUCTION**

1.     This is an action to recover damages and civil penalties on behalf of the United

States of America arising from false and/or fraudulent records, statements, and claims made and

caused to be made by Defendants and/or their agents and employees, in violation of the federal

False Claims Act, 31 U.S.C. §§ 3729, *et seq.* **("the FCA").**

FILED USDC FLND GU
SEP 16 '22 PM1:04

2.      This action seeks to recover hundreds of thousands of federal dollars wrongfully loaned to the Entity-Defendant through the Federal Government's Payroll Protection Program ("**PPP**"). The PPP provides a pathway to borrowers for forgiveness of these loans.

3.      Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4.      This action alleges that Defendants applied for PPP funds and received PPP funds despite the PPP application and rules prohibiting applicants from receiving PPP funds when the Individual-Defendant was convicted of a felony involving fraud, bribery, embezzlement, or a false statement in a loan application for federal financial assistance within the last five years or any other felony within the last year.

5.      The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

6.      The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty for each such claim, **plus three times the amount of the damages** sustained

2

by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

7.      In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest..." 31 U.S.C. § 3729(b)(2).

8.      The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

9.      Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

10.     Plaintiff/Relator Aidan Forsyth (**"Relator"**) is a resident of New York. He brings this action on behalf of the United States of America, the real party in interest.

11.     Upon information and belief, **Defendant Mac Johnson Roofing Inc.** ("Johnson Roofing") is an entity formed in the State of Florida on August 24, 1998 (EIN #59-3528378).

12.     Johnson Roofing applied for a PPP loan on April 6, 2020, received said loan in the amount of $539,900, and had said loan forgiven on January 8, 2021 in the amount of $544,009.24.

3

13. Upon information and belief, **Defendant Johnson and Sons Dumpster and Crane Service, LLC** ("Johnson Dumpster and Crane") is an entity formed in the State of Florida on July 16, 2012 (EIN #46-0607057).

14. Johnson Dumpster and Crane applied for a PPP loan on April 8, 2020 (loan #8021357000), received said loan in the amount of $48,514, and had said loan forgiven on February 9, 2021 in the amount of $48,925.02.

15. Upon information and belief, **Defendant Johnson & Sons Tree Service LLC** ("Johnson Tree Service") is an entity formed in the State of Florida on April 15, 2009 (EIN #26-4682498).

16. Johnson Tree Service applied for a PPP loan on April 7, 2020 (loan #6703297004) in the amount of $72,047, and had said loan forgive on February 9, 2021 in the amount of $72,659.40.

17. Upon information and belief, **Defendant Mac C. Johnson** is an individual who resides within the boundaries of the Northern District of Florida.

18. Mr. Johnson was the sole officer and president of the Johnson Roofing, Johnson Dumpster and Crane, and Johnson Tree Service until April 6, 2020 – the day his three entities applied for PPP loans – at which time he filed with the Florida Division of Corporations "Articles of Amendment to Articles of Incorporation" that purported to remove himself as the officer/president of these entities and add a family member (Dana D. Johnson) as the president. *See*, Articles of Amendment to Articles of Incorporation for these three Defendant entities attached hereto as **Exhibit A.**

19. Besides sharing the same last name, both Mac C. Johnson and Dana D. Johnson use the same address according to the Articles of Amendment in Exhibit A.

4

20.    After ostensibly removing himself as an officer and president of the three Defendant entities, Mr. Johnson applied for PPP loans for all three entities.

21.    Upon information and belief, Mr. Johnson was at least a 20% owner of all three Defendant entities at the time he applied for PPP loans for the Defendant entities.

## JURISDICTION AND VENUE

22.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

23.    Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered the pertinent entity information and individual information of each Defendant.

24.    This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants either reside in or were formed as an entity in Florida.

25.    Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq.* alleged herein occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

26.    Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 contains a new program called the Paycheck Protection Program ("PPP") and is party of the U.S. Small Business Administration's ("SBA") 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

27.    Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

28.    The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

29.    Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

30.    The CARES Act was intended to provide relief to America's small businesses expeditiously.

31.    The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

32.     Defendants had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

33.     In general, Defendants calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

34.     One certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

35.     The Entity Defendant certified on its PPP application that within the last five years neither the applicant nor any owner of the applicant had been convicted or pleaded guilty for any felony. *See*, section 6 on the PPP application.

36.     Defendants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

37.     Finally, Defendants certified on the PPP loan applications that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

38.    On March 1, 2018, Mr. Johnson pleaded guilty in case 1:17-cr-00033-MW-GRJ failure to pay federal taxes, wire fraud, structuring financial transactions, and other claims. *See*, Plea Agreement attached hereto as **Exhibit B**.

39.    Mr. Johnson signed the Plea Agreement. *Id.*

40.    Plaintiff used his own efforts and data-mining skills, techniques, and abilities to review and analyze data from the SBA, from the Florida Department of Commerce, and the federal court system to discover Defendants and their fraud described above.

41.    The entity Defendants certified on all three of their PPP applications that none of their owners had been convicted of a felon involving fraud or pleaded guilty to a felony involving fraud.

42.    Mr. Johnson owned at least a 20% interest in all three Defendant entities. *See*, Information attached as **Exhibit C**.

43.    Defendants thus made material misrepresentations on their applications for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to the Entity Defendant.

44.    Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

### False Claims Act

### 31 U.S.C. § 3729(a)(1)(A)-(B)

45.    Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

46.    This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

8

47.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

48.     By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

49.     Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

50.     Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans from the Federal Government. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

51.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

52.     Additionally, the United States is entitled to a maximum penalty for each and every violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions,

plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 9/10/2022.                    Respectfully submitted,

_____

Aidan Forsyth
Plaintiff/Relator

10

# Exhibit A

L120000091776

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



000342764510

04/13/20--01018--003    **25.00



APR 24 2020
S. YOUNG

# COVER LETTER

**TO:**   **Registration Section**
          **Division of Corporations**

**SUBJECT:**  JOHNSON AND SONS DUMPSTER AND CRANE SERVICE LLC
_____
Name of Limited Liability Company

The enclosed Articles of Amendment and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:

WALKER W. BULLOCK
_____
Name of Person

BULLOCK LAW FIRM. PLLC
_____
Firm/Company

1000 NE 6TH BLVD.
_____
Address

WILLISTON. FL 32696
_____
City/State and Zip Code

mcjroofing@gmail.com
_____
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

WALKER W. BULLOCK                              352        472-6295
_____        at (_____) _____
Name of Person                                 Area Code   Daytime Telephone Number

Enclosed is a check for the following amount:

☒ $25.00 Filing Fee   ☐ $30.00 Filing Fee &      ☐ $55.00 Filing Fee &     ☐ $60.00 Filing Fee.
                          Certificate of Status       Certified Copy            Certificate of Status &
                                                      (additional copy is enclosed)   Certified Copy
                                                                               (additional copy is enclosed)

**Mailing Address:**                    **Street Address:**
Registration Section                    Registration Section
Division of Corporations                Division of Corporations
P.O. Box 6327                           The Centre of Tallahassee
Tallahassee. FL 32314                   2415 N. Monroe Street. Suite 810
                                        Tallahassee. FL 32303

# ARTICLES OF AMENDMENT
## TO
## ARTICLES OF ORGANIZATION
### OF

JOHNSON AND SONS DUMPSTER AND CRANE SERVICE LLC
_____
(Name of the Limited Liability Company as it now appears on our records.)
(A Florida Limited Liability Company)

The Articles of Organization for this Limited Liability Company were filed on 07/16/2012 _____ and assigned

Florida document number L12000091776 _____.

This amendment is submitted to amend the following:

**A.  If amending name, <u>enter the new name of the limited liability company here</u>:**

N/A
_____
The new name must be distinguishable and contain the words "Limited Liability Company," the designation "LLC" or the abbreviation "L.L.C."

**Enter new principal offices address, if applicable:**     N/A _____

*(Principal office address MUST BE A STREET ADDRESS)*     _____

_____

**Enter new mailing address, if applicable:**     N/A _____

*(Mailing address MAY BE A POST OFFICE BOX)*     _____

_____

**B.  If amending the registered agent and/or registered office address on our records, <u>enter the name of the new registered agent and/or the new registered office address here</u>:**

Name of New Registered Agent:     N/A _____

New Registered Office Address:     N/A _____
                                        *Enter Florida street address*

_____, **Florida** _____
            *City*                                      *Zip Code*

**<u>New Registered Agent's Signature, if changing Registered Agent</u>:**

*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, F.S. Or, if this document is being filed to merely reflect a change in the registered office address, I hereby confirm that the limited liability company has been notified in writing of this change.*

_____
**If Changing Registered Agent, <u>Signature of New Registered Agent</u>**

If amending Authorized Person(s) authorized to manage, <u>enter the title, name, and address of each person being added</u> <u>or removed from our records:</u>

MGR = Manager
AMBR = Authorized Member

| <u>Title</u> | <u>Name</u> | <u>Address</u> | <u>Type of Action</u> |
|---|---|---|---|
| MGMR | MAC C. JOHNSON | 104 SW 266 ST. | ☐ Add |
| | | NEWBERRY, FL 32669 | ☑ Remove |
| | | | ☐ Change |
| AMBR | DANA D. JOHNSON | 104 SW 266 ST. | ☑ Add |
| | | NEWBERRY, FL 32669 | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |

**D. If amending any other information, enter change(s) here:** *(Attach additional sheets, if necessary.)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**E. Effective date, if other than the date of filing:** _____04/06/2020_____ **(optional)**
(If an effective date is listed, the date must be specific and cannot be prior to date of filing or more than 90 days after filing.) Pursuant to 605.0207 (3)(b)
**Note:** If the date inserted in this block does not meet the applicable statutory filing requirements, this date will not be listed as the document's effective date on the Department of State's records.

If the record specifies a delayed effective date, but not an effective time, at 12:01 a.m. on the earlier of: (b)   The 90th day after the record is filed.

Dated ___APRIL. 6_____ . ___2020_____ .

_____
Signature of a member or authorized representative of a member

MAC C. JOHNSON
_____
Typed or printed name of signee

**Filing Fee:  $25.00**

P98 0000 75129

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP     ☐ WAIT     ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____     Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



300343143173

04/13/20--01007--009   *#35.00



2020 APR 13 PM 3:05

QM
4/23/20

## COVER LETTER

TO: Amendment Section
Division of Corporations

NAME OF CORPORATION: MAC JOHNSON ROOFING, INC.

DOCUMENT NUMBER: P98000075129

The enclosed *Articles of Amendment* and fee are submitted for filing.

Please return all correspondence concerning this matter to the following:

WALKER W. BULLOCK
_____
Name of Contact Person

BULLOCK LAW FIRM, PLLC
_____
Firm/ Company

1000 NE 6TH BLVD.
_____
Address

WILLISTON, FL 32696
_____
City/ State and Zip Code

mcjroofing@gmail.com
_____
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

WALKER W. BULLOCK                               at ( 352 ) 472-6295
_____    _____
Name of Contact Person                              Area Code & Daytime Telephone Number

Enclosed is a check for the following amount made payable to the Florida Department of State:

■ $35 Filing Fee    ☐$43.75 Filing Fee &    ☐$43.75 Filing Fee &    ☐$52.50 Filing Fee
                      Certificate of Status     Certified Copy          Certificate of Status
                                                (Additional copy is     Certified Copy
                                                enclosed)               (Additional Copy
                                                                        is enclosed)

**Mailing Address**                    **Street Address**
Amendment Section                      Amendment Section
Division of Corporations               Division of Corporations
P.O. Box 6327                          The Centre of Tallahassee
Tallahassee, FL 32314                  2415 N. Monroe Street, Suite 810
                                       Tallahassee, FL 32303

**Articles of Amendment
to
Articles of Incorporation
of**

MAC JOHNSON ROOFING. INC.

<u>(Name of Corporation as currently filed with the Florida Dept. of State)</u>

P98000075129

<u>(Document Number of Corporation (if known)</u>

Pursuant to the provisions of section 607.1006. Florida Statutes, this *Florida Profit Corporation* adopts the following amendment(s) to its Articles of Incorporation:

**A. If amending name, enter the new name of the corporation:**

N/A _____*The new name must be distinguishable and contain the word "corporation," "company," or "incorporated" or the abbreviation "Corp.," "Inc.," or "Co.," or the designation "Corp," "Inc," or "Co". A professional corporation name must contain the word "chartered," "professional association," or the abbreviation "P.A."*

**B. Enter new principal office address, if applicable:**
*(Principal office address MUST BE A STREET ADDRESS )*

N/A _____
_____
_____

**C. Enter new mailing address, if applicable:**
*(Mailing address MAY BE A POST OFFICE BOX)*

N/A _____
_____
_____

**D. If amending the registered agent and/or registered office address in Florida, enter the name of the new registered agent and/or the new registered office address:**

*Name of New Registered Agent*   N/A _____

*(Florida street address)*

*New Registered Office Address:*   N/A _____ , Florida_____
*(City)*                                                                                          *(Zip Code)*

**New Registered Agent's Signature, if changing Registered Agent:**
*I hereby accept the appointment as registered agent.  I am familiar with and accept the obligations of the position.*

_____
*Signature of New Registered Agent, if changing*

**Check if applicable**
☐ The amendment(s) is/are being filed pursuant to s. 607.0120 (11) (e). F.S.

.    .    .    .    .

**If amending the Officers and/or Directors, enter the title and name of each officer/director being removed and title, name, and address of each Officer and/or Director being added:**
*(Attach additional sheets, if necessary)*
*Please note the officer/director title by the first letter of the office title:*
*P = President; V= Vice President; T= Treasurer; S= Secretary; D= Director; TR= Trustee; C = Chairman or Clerk; CEO = Chief Executive Officer; CFO = Chief Financial Officer. If an officer/director holds more than one title, list the first letter of each office held. President, Treasurer, Director would be PTD.*
*Changes should be noted in the following manner. Currently John Doe is listed as the PST and Mike Jones is listed as the V. There is a change. Mike Jones leaves the corporation. Sally Smith is named the V and S. These should be noted as John Doe, PT as a Change, Mike Jones, V as Remove, and Sally Smith, SV as an Add.*
**Example:**

| X Change | PT | John Doe |
|---|---|---|
| X Remove | V | Mike Jones |
| X Add | SV | Sally Smith |

| Type of Action (Check One) | Title | Name | Address |
|---|---|---|---|
| 1) ___ Change<br>___ Add<br>X Remove | OP | MAC C. JOHNSON | 104 NW 266TH ST<br>NEWBERRY. FL 32669 |
| 2) ___ Change<br>X Add<br>___ Remove | P | DANA D. JOHNSON | 104 NW 266TH ST<br>NEWBERRY. FL 32669 |
| 3) ___ Change<br>___ Add<br>___ Remove | | | |
| 4) ___ Change<br>___ Add<br>___ Remove | | | |
| 5) ___ Change<br>___ Add<br>___ Remove | | | |
| 6) ___ Change<br>___ Add<br>___ Remove | | | |

.     .     .     .     .

**E.  If amending or adding additional Articles, enter change(s) here:**
(Attach *additional sheets, if necessary).     (Be specific)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**F.  If an amendment provides for an exchange, reclassification, or cancellation of issued shares, provisions for implementing the amendment if not contained in the amendment itself:**
(*if not applicable, indicate N/A*)

N/A _____

_____

_____

_____

_____

_____

_____

The date of each amendment(s) adoption: _____. if other than the
date this document was signed.

04/06/2020
Effective date if applicable: _____
                              *(no more than 90 days after amendment file date)*

Note: If the date inserted in this block does not meet the applicable statutory filing requirements. this date will not be listed as the document's effective date on the Department of State's records.

Adoption of Amendment(s)        (CHECK ONE)

☐ The amendment(s) was/were adopted by the incorporators. or board of directors without shareholder action and shareholder action was not required.

☗ The amendment(s) was/were adopted by the shareholders. The number of votes cast for the amendment(s) by the shareholders was/were sufficient for approval.

☐ The amendment(s) was/were approved by the shareholders through voting groups. *The following statement must be separately provided for each voting group entitled to vote separately on the amendment(s):*

    "The number of votes cast for the amendment(s) was/were sufficient for approval

by _____."
                    *(voting group)*

             APRIL. 6, 2020
Dated_____

Signature _____
         (By a director. president or other officer – if directors or officers have not been
         selected. by an incorporator – if in the hands of a receiver. trustee. or other court
         appointed fiduciary by that fiduciary)

         MAC C. JOHNSON
         _____
            (Typed or printed name of person signing)

         PRESIDENT
         _____
            (Title of person signing)

*LO90000 364/14*

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP        ☐ WAIT        ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



700343143057

04/13/20--01007--004   **25.00



APR 23 2020

S. YOUNG

2020 APR 13 AM 7: 15

FILED

# COVER LETTER

**TO:**     **Registration Section**
                 **Division of Corporations**

**SUBJECT:** JOHNSON & SONS TREE SERVICE, LLC
_____
                 Name of Limited Liability Company

The enclosed Articles of Amendment and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:

WALKER W. BULLOCK
_____
                         Name of Person

BULLOCK LAW FIRM, PLLC
_____
                         Firm/Company

1000 NE 6TH BLVD.
_____
                         Address

WILLISTON, FL 32696
_____
                   City/State and Zip Code

mcjroofing@gmail.com
_____
        E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

WALKER W. BULLOCK                                 352      472-6295
_____    at (_____) _____
           Name of Person                          Area Code    Daytime Telephone Number

Enclosed is a check for the following amount:

☒ $25.00 Filing Fee     ☐ $30.00 Filing Fee &     ☐ $55.00 Filing Fee &     ☐ $60.00 Filing Fee,
                                    Certificate of Status          Certified Copy                Certificate of Status &
                                                                        (additional copy is enclosed)     Certified Copy
                                                                                                            (additional copy is enclosed)

**Mailing Address:**                                    **Street Address:**
Registration Section                                 Registration Section
Division of Corporations                            Division of Corporations
P.O. Box 6327                                          The Centre of Tallahassee
Tallahassee, FL 32314                              2415 N. Monroe Street, Suite 810
                                                               Tallahassee, FL 32303

# ARTICLES OF AMENDMENT
# TO
# ARTICLES OF ORGANIZATION
# OF

JOHNSON & SONS TREE SERVICE, LLC

(Name of the Limited Liability Company as it now appears on our records.)
(A Florida Limited Liability Company)

The Articles of Organization for this Limited Liability Company were filed on 07/16/2012 _____ and assigned

Florida document number L09000036414 _____.

This amendment is submitted to amend the following:

## A. If amending name, enter the new name of the limited liability company here:

N/A _____

The new name must be distinguishable and contain the words "Limited Liability Company," the designation "LLC" or the abbreviation "L.L.C."

**Enter new principal offices address, if applicable:**   N/A _____

*(Principal office address MUST BE A STREET ADDRESS)*

**Enter new mailing address, if applicable:**   N/A _____

*(Mailing address MAY BE A POST OFFICE BOX)*

## B. If amending the registered agent and/or registered office address on our records, enter the name of the new registered agent and/or the new registered office address here:

Name of New Registered Agent:   N/A _____

New Registered Office Address:   N/A _____

*Enter Florida street address*

_____, Florida _____
City                              Zip Code

## New Registered Agent's Signature, if changing Registered Agent:

*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, F.S. Or, if this document is being filed to merely reflect a change in the registered office address, I hereby confirm that the limited liability company has been notified in writing of this change.*

If Changing Registered Agent, Signature of New Registered Agent

If amending Authorized Person(s) authorized to manage, enter the title, name, and address of each person being added or removed from our records:

MGR = Manager
AMBR = Authorized Member

| Title | Name | Address | Type of Action |
|---|---|---|---|
| MGMR | MAC C. JOHNSON | 104 SW 266 ST. | ☐ Add |
| | | NEWBERRY, FL 32669 | ☒ Remove |
| | | | ☐ Change |
| AMBR | DANA D. JOHNSON | 104 SW 266 ST. | ☒ Add |
| | | NEWBERRY, FL 32669 | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |
| | | | ☐ Add |
| | | | ☐ Remove |
| | | | ☐ Change |

**D.  If amending any other information, enter change(s) here:**  *(Attach additional sheets, if necessary.)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

04/06/2020

**E.  Effective date, if other than the date of filing:** _____ **(optional)**
(If an effective date is listed, the date must be specific and cannot be prior to date of filing or more than 90 days after filing.) Pursuant to 605.0207 (3)(b)
**Note:** If the date inserted in this block does not meet the applicable statutory filing requirements, this date will not be listed as the document's effective date on the Department of State's records.

If the record specifies a delayed effective date, but not an effective time, at 12:01 a.m. on the earlier of: (b)  The 90th day after the record is filed.

Dated  APRIL 6, 2020  , 2020  .

Signature of a member or authorized representative of a member

MAC C. JOHNSON

Typed or printed name of signee

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                         **CASE NO: 1:17 CR 33 MW-GRJ**

**MAC JOHNSON**

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between MAC JOHNSON, as the

Defendant, Rodney W. Smith, as attorney for the Defendant, and the United

States Attorney for the Northern District of Florida. This agreement

specifically excludes and does not bind any other state or federal agency,

including other United States Attorneys and the Internal Revenue Service,

from asserting any civil, criminal, or administrative claim against the

Defendant.

FILED IN OPEN COURT

## 2. TERMS

The parties agree to the following terms:

a.     The Defendant will plead guilty to Count One (Failure to Pay Federal Taxes), Count Two (Wire Fraud), Count Three (Structuring Financial Transactions), and Count Four (Transporting Aliens for Commercial Gain) of the Information. As to Count One, the Defendant faces a maximum term of five years imprisonment, three years of supervised

release, a $250,000 fine or a fine not more than twice the gross gain, the payment of the costs of prosecution, and a $100 special monetary assessment. As to Count Two, the Defendant faces a maximum term of 20 years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Three, the Defendant faces a maximum term of 10 years imprisonment, three years of supervised release, a $500,000 fine, and a $100 special monetary assessment. As to Count Four, the Defendant faces a maximum term of 10 years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special monetary

2

assessment. Defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b.   By voluntarily pleading guilty to the charges in the Information, the Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.   The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Count One, Two, Three and Four of the Information.  In pleading guilty, the Defendant acknowledges that were this

3

case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d.     Upon the District Court's adjudication of guilt of the Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled.  The Defendant agrees that substantial evidence exists to support the charges.

e.     Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.     If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g.     The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant.  The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum

4

sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

## 3. SENTENCING

a.    Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.    The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties.

5

Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

    c.    The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The Defendant agrees to make full restitution to the victims in the amounts listed below:

1) the Internal Revenue Service  $529,496.45
IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108

or

United States District Court Clerk's Office
Restitution Unit
401 SE 1st Avenue, Ste. 243
Gainesville, FL 32601-6895

    a)  Defendant understands and agrees that this figure does not include interest under 26 USC § 6601.

    b)  Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and that satisfaction of the restitution debt does not

6

settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant agrees to the release of information to the IRS for purposes of making the civil tax assessments.

c) If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

2) Continental Casualty   $143,596.61
Workers Compensation and Employer Liability
333 South Wabash
Chicago, IL 60604

3) Florida WC Joint Underwriters   $415,224.51
6003 Honore Avenue, Ste. 204
Sarasota, FL 34238

4) State of Florida   $453,692.88
Florida Department of Financial Services
Attn: Laura Carey
Division of Worker's Compensation

7

P.O. Box 7900
Tallahassee, FL 32314-7900


5) Southeast Personnel Leasing Inc. $54,483.50
2739 US Highway 19 North
Holiday, FL 34691


The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon

advice of counsel.

CHRISTOPHER P. CANOVA
United States Attorney

_____
RODNEY W. SMITH
Attorney for Defendant

GREGORY P. McMAHON
Florida Bar No. 178110
Assistant United States Attorney
Northern District of Florida
201 SE 1st Avenue, Suite 211
Gainesville, FL 32601
(352) 378-0996
Gregory.McMahon@usdoj.gov

2- 28 - 18
_____
DATE

_____
TERRY N. SILVERMAN
Attorney for Defendant

2.27-18
_____
DATE

_____
MAC JOHNSON
Defendant

February 27, 2018
_____
DATE

2-27-18
_____
DATE

9

# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              **INFORMATION**

MAC JOHNSON

_____/

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT ONE**

**A. INTRODUCTION**

At all times relevant to this Information:

1.      Mac Johnson Roofing, Inc. was a corporation doing business in
Newberry, Florida, and provided roofing, contracting, and labor services to
individuals and businesses.

2.      Johnson & Sons Tree Service, LLC. was a corporation doing business
in Newberry, Florida, and provided tree removal, pruning, stump grinding, debris
removal, and labor services to individuals and businesses.

3.      Mac Johnson & Sons Dumpster, Crane & Demolition, LLC. was a
corporation doing business in Newberry, Florida, and provided dumpster and crane
rental service, and labor services to individuals and retail businesses.

Filed1220*17UsDcFln1ØN1102  *KM*

4.    **MAC JOHNSON** owned and operated Mac Johnson Roofing, Johnson & Sons Tree Service, LLC, and Mac Johnson & Sons Dumpster, Crane & Demolition, LLC (collectively "the Johnson Entities"), and was the sole signator on bank accounts used to issue payroll checks and wages to the employees of the Johnson Entities.

5.    **MAC JOHNSON**, as the employer of the Johnson Entities employees, was required to collect, account for, and pay over to the Internal Revenue Service payroll taxes from the total wages of the Johnson Entities employees, including Medicare and social security taxes (collectively known as "Federal Insurance Contribution Act" or "FICA" taxes) and federal income taxes.

6.    **MAC JOHNSON**, as the employer of the Johnson Entities employees, was required to pay to the State of Florida Unemployment Insurance premiums from the total wages of the Johnson Entities employees.

## B. THE CHARGE

Between on or about January 1, 2012, and on or about March 31, 2016, in the Northern District of Florida and elsewhere, the defendant,

### MAC JOHNSON,

a resident of Newberry, Florida, and a person required to collect, account for, and pay over taxes imposed by Title 26 of the United States Code, did willfully fail to collect, truthfully account for, and pay over to the Internal Revenue Service,

2

federal income taxes and FICA taxes in the sum of $1,720,103.52 from the total

taxable wages of Johnson Entities employees from the first quarter of the 2012 tax

year through the first quarter of the 2016 tax year, said taxes due and owing to the

United States of America.

In violation of Title 26, United States Code, Section 7202.

## COUNT TWO

### A. INTRODUCTION

The allegations of Count One are hereby incorporated by reference as if

fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2012, and on or about March 31, 2016, in

the Northern District of Florida and elsewhere, the defendant,

### MAC JOHNSON,

did knowingly and willfully devise, and intend to devise, a scheme to defraud and

for obtaining money and property by means of material false and fraudulent

pretenses, representations, and promises, and for the purpose of executing such

scheme, did cause a wire communication to be transmitted in interstate commerce.

3

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. The defendant fraudulently concealed from the State of Florida the true amount of wages earned by Johnson Entities employees, in order to avoid paying Florida Worker's Compensation Insurance premiums.

2. The defendant concealed the true amount of wages earned by Johnson Entities employees by submitting to the State of Florida documents and records that fraudulently omitted, and failed to accurately and completely identify, all of the Johnson Entities employees who earned and were paid wages by the Johnson Entities.

3. The defendant concealed the true amount of wages earned by Johnson Entities employees by falsely representing and causing to be represented to the State of Florida that the Johnson Entities employees had been paid amounts lower than the true amounts those employees were actually paid.

4. The defendant concealed the true amount of wages earned by Johnson Entities employees by issuing and causing to be issued two separate paychecks to the reported Johnson Entities employees, the second checks being issued in amounts that the defendant intentionally failed to report to the State of Florida.

5. The defendant further concealed the true amount of wages earned by Johnson Entities employees by not reporting to the State of Florida their

4

employment and by not issuing payroll checks to most of the Johnson Entities employees.

6.      The defendant further concealed the true amount of wages earned by Johnson Entities employees by paying most employees in cash that the defendant and his confederates obtained from cashing cashiers' checks issued in amounts of less than $10,000 each.

7.      By this conduct, the defendant defrauded the State of Florida of approximately $1,066,997.50 in unpaid Florida Worker's Compensation premiums.

## D.  WIRE COMMUNICATION

On or about February 12, 2016, for the purpose of executing the scheme to defraud, the defendant knowingly did cause a wire communication to be transmitted in interstate commerce, that is the cashing of an $8,038.00 cashier's check drawn on an account ending in 9301 at Capital City Bank.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

### A.  INTRODUCTION

At all times material to this Information:

1.      Drummond Community Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

5

2.    Capital City Bank was a financial institution, the deposits of which were insured by the FDIC.

3.    A currency transaction report (CTR) was a report submitted on United States Department of the Treasury, FINCEN Form 104. A domestic financial institution was required by federal law to file a CTR with the United States Department of the Treasury for each financial transaction that involved United States currency in excess of $10,000. Such financial transactions include deposits, withdrawals, or exchanges of currency, or other transactions involving the physical transfer of currency from one person to another.

## B. THE CHARGE

Between on or about October 16, 2015, and on or about May 20, 2016, in the Northern District of Florida, the defendant,

## MAC JOHNSON,

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did structure and assist in structuring, and attempt to structure and to assist in structuring, transactions with Drummond Community Bank and Capital City Bank, domestic federally insured financial institutions, by causing the withdrawals of United States currency in amounts of $10,000 or less in separate transactions, and did so as part of a pattern of illegal activity involving more than

6

$100,000 in a twelve-month period; that is, on approximately ninety-six occasions, defendant **MAC JOHNSON** withdrew United States currency in amounts less than $10,000 from accounts held by him at Drummond Community Bank and Capital City Bank, these withdrawals totaling approximately $802,646.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d), Title 31, Code of Federal Regulations, Section 103.11, and Title 18, United State Code, Section 2.

### COUNT FOUR

Between on or about August 1, 2014, and on or about May 31, 2016, in the Northern District of Florida, the defendant,

### MAC JOHNSON,

knowingly and in reckless disregard of the fact that aliens, M. D., R. S., A. P., R. L., T. S., M. L., V. R., V. D., R. D., A. M., E. M., M. M., S. P., and R. M., had come to, entered, and remained in the United States in violation of law, did transport, and move such aliens within the United States, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324 (a)(1)(B)(i).

7.

## CRIMINAL FORFEITURE

The allegations contained in Counts Two, Three, and Four of this Information are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America. From his engagement in the violations alleged in Counts Two, Three, and Four of this Information, the defendant,

## MAC JOHNSON,

shall forfeit to the United States of America:

(A)     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to a violation of Title 18, United States Code, Section 1343;

(B)     Pursuant to Title 31, United States Code, Section 5317(c), any and all property, real or personal, involved in violation of Title 31, United States Code, Section 5324, and any property traceable thereto, including, but not limited to, the aggregate sum of approximately $802,646; and

(C)     Pursuant to Title 8, United States Code, 1324(b), all of his interest in any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of Title 8, United States Code, Section 1324(a), and any gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

8

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(i)     cannot be located upon the exercise of due diligence;

(ii)    has been transferred, sold to, or deposited with a third party;

(iii)   has been placed beyond the jurisdiction of this Court;

(iv)    has been substantially diminished in value; or

(v)     has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property.

_____
CHRISTOPHER P. CANOVA
United States Attorney

Dec 5, 2017
_____
DATE

_____
GREGORY P. McMAHON
Assistant United States Attorney

December 20, 2017
_____
DATE

B. Quesenberry
903 E. 430 S.
Salem UT 84653

U.S. District Court
Northern District Florida
401 SE 1st Ave Ste 243
Gainesville, FL 32601-6895

Retail

UNITED STATES
POSTAL SERVICE.

US POSTAGE PAID
$12.00
Origin: 84660
09/12/22
4982280660-16

USPS RETAIL GROUND®

1 Lb 8.70 Oz
1006

C001

SHIP
TO:
401 SE 1ST AVE
STE 243
GAINESVILLE FL 32601-6895

USPS TRACKING® #

9534 6131 2143 2255 2372 28

Water and Tear Resistant